UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD G. MITTON,

                                    Plaintiff,

v.                                                                    5:12-CV-1230
                                                                        (GTS)

CAROLYN W. COLVIN,
Commissioner of Social Security,

                                    Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ          PETER W. ANTONOWICZ, ESQ.
  Counsel for Plaintiff
148 West Dominick Street
Rome, NY 13440

U.S. SOCIAL SECURITY ADMIN.                MONIKA K. CRAWFORD, ESQ.
OFFICE OF REG'L GEN. COUNSEL– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Richard G. Mitton

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on

the pleadings.  (Dkt. Nos. 15, 16.)  For the reasons set forth below, Plaintiff's motion for

judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is

granted.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on December 21, 1972.  Plaintiff has a ninth grade education and earned a certificate in heavy equipment operation.  Plaintiff has worked as a heavy equipment operator.  Generally, Plaintiff's alleged disability consists of a right foot spur and left wrist tendonitis, as well as injuries to his back and left ankle from an accident in 1992.  Plaintiff's alleged disability onset date is December 16, 2008.

### B.    Procedural History

On October 8, 2009, Plaintiff applied for Disability Insurance Benefits.  Plaintiff's application was initially denied on November 27, 2009, after which he timely requested a hearing before an Administrative Law Judge ("ALJ").  On November 18, 2010, Plaintiff appeared in a video hearing before the ALJ, Jeffrey M. Jordan.  (T. 13-36.)  On January 20, 2011, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 39-52.)  On June 18, 2010, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-5.)

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law.  (T. 44-49.)  First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2013, and has not engaged in substantial gainful activity since December 16, 2008, the alleged onset date.  (T. 44.)  Second, the ALJ found that Plaintiff's left ankle arthrosis, bone spur, disorders of the back, and tendonitis of the left wrist are severe impairments.  (*Id.*)  Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part

404, Subpart P, App. 1. (T. 44-45.) The ALJ considered Listings 1.02 and 1.04. (*Id.*) Fourth, the ALJ found that Plaintiff

> has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 CFR 404.1567(a) except he cannot lift, carry, push, or pull above shoulder level, and cannot climb, crawl, kneel, or squat. In addition, the claimant's work must be simple, routine, and low stress. Also, he is limited to occasional balancing and stooping, and frequent fine and gross manipulations. Finally, the claimant needs to sit or stand every 15 or 20 minutes while remaining on task.

(T. 45-47.) Fifth, the ALJ found that Plaintiff is unable to perform his past relevant work as a heavy equipment operator. (T. 47.) Sixth, and finally, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 48-49.)

### D. The Parties' Briefings on Their Cross-Motions

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues that the ALJ erred in assessing the medical evidence of record by (1) failing to weigh the opinion of treating physician, Dhanraj Soogree, M.D., and (2) affording great weight to the opinion of consultative examiner, George Sirotenko, D.O. (Dkt. No. 15, at 11-13 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ erred in considering Plaintiff's receipt of unemployment benefits. (*Id.* at 14-15.)

Defendant makes two arguments in support of her motion for judgment on the pleadings. First, Defendant argues that the ALJ properly assessed the medical evidence of record because (1) Dr. Soogree's opinion was rendered after the date of the ALJ's decision, and (2) the ALJ's assessment of Dr. Sirotenko's opinion was supported by substantial evidence. (Dkt. No. 16, at 11-14 [Def.'s Mem. of Law].) Within this argument, Defendant argues that the Appeals Council properly determined that Dr. Soogree's opinion did not provide a basis for changing the ALJ's decision. (*Id.* at 13-14.) Second, Defendant argues that the ALJ did not err in considering Plaintiff's receipt of unemployment benefits in the credibility analysis. (*Id.* at 14-15.)

## II.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial

evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146,

150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III.    ANALYSIS

For the ease of analysis, Plaintiff's arguments will be reorganized below.

### A.    Whether the ALJ Erred in Assessing the Medical Evidence of Record

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 16, at 11-14 [Def.'s Mem. of Law].)  To those reasons, the Court adds the following analysis.

When controlling weight is not given to the opinion of a treating physician, or when assessing other medical opinions, the ALJ should consider the following factors to determine the proper weight: (1) the frequency of the examinations and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; and (4) whether the opinion is from a specialist.  20 C.F.R. § 404.1527(c); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

### i.    Consultative Examiner, Dr. Sirotenko

On November 21, 2009, Dr. Sirotenko diagnosed Plaintiff with musculoskeletal ligamentous degenerative back pain with no features of lower extremity radiculopathy; left radial wrist tendinitis; and chronic left heel pain.  (T. 301.)  Dr. Sirotenko opined that Plaintiff had mild limitations in lumbar spine forward flexion, extension, and rotation; and in left wrist twisting, turning, and grasping.  (T. 47.)  Dr. Sirotenko opined that Plaintiff had moderate limitations in prolonged walking; climbing stairs, inclines, and ladders; and operating foot pedals with his left foot.  (*Id.*)

The ALJ afforded great weight to Dr. Sirotenko's opinion, reasoning that Dr. Sirotenko is an examining source whose findings are supported by his physical examination of Plaintiff and are generally consistent with the newly acquired medical evidence and Plaintiff's testimony. (*Id.*) The ALJ cited Dr. Sirotenko's examination notes that supported his opinion of Plaintiff's physical abilities and limitations. (T. 46.) For example, the ALJ noted that Dr. Sirotenko observed that Plaintiff's gait and station were normal, and that Plaintiff was able to walk without an assistive device. (*Id.*) The ALJ further noted that Dr. Sirotenko observed that Plaintiff was able to get on and off the examination table and rise from a chair without difficulty. (*Id.*)

Additionally, the ALJ cited other substantial evidence that was consistent with Dr. Sirotenko's opinion. The ALJ noted that Plaintiff had left ankle subtalar fusion, peroneal tendon repair, and plantar condylectomy surgery in October 2010. (*Id.*) The ALJ noted that, at Plaintiff's six-week postoperative appointment, treating physician, Frederick Lemley, M.D., reported that Plaintiff's pain was well controlled, Plaintiff's wounds were healing uneventfully with no signs of complications, and Plaintiff was placed in a weight bearing cast. (*Id.*)

Regarding Plaintiff's back impairment, the ALJ noted that Plaintiff consulted with examining orthopedic surgeon, Colin Harris, M.D., about treatment for his low back pain in October 2010. (*Id.*) The ALJ noted that Dr. Harris referred Plaintiff to a pain clinic and advised that he would benefit from core strengthening and postural exercises. (T. 46.) Dr. Harris indicated that, if Plaintiff's pain did not improve with these options, the next step would be injections, with spinal fusion surgery as the last resort. (*Id.*)

First, an ALJ is entitled to rely on the opinions of both examining and non-examining State agency medical consultants, because those consultants are deemed to be qualified experts in the field of social security disability. 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e); *see also Little v. Colvin*, 14-CV-63, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State

agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole."); *Cobb v. Comm'r*, 2014 WL 4437566, at *6 (N.D.N.Y. Sept. 9, 2014).

Second, the Court finds that the ALJ properly applied the regulatory factors in evaluating Dr. Sirotenko's opinion. The ALJ considered Dr. Sirotenko's professional credentials, examining relationship with Plaintiff, examination notes, and the consistency of his opinion with other substantial evidence in the record pursuant to 20 C.F.R. § 404.1527(c). Where, as here, an ALJ's reasoning and adherence to the regulations are clear, the ALJ is not required to review explicitly each and every factor of the regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (holding that, where a plaintiff challenged the ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527[c], "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

Accordingly, the ALJ's assessment of Dr. Sirotenko's opinion was supported by substantial evidence, and remand is not required on this issue.

### ii.    Treating Physician, Dr. Soogree

On March 12, 2011, Dr. Soogree opined that Plaintiff could sit for 30 minutes, stand for 20 minutes, and walk for five minutes during an eight-hour workday. (T. 419.) Dr. Soogree opined that Plaintiff could occasionally lift up to ten pounds and occasionally carry up to 20 pounds during an eight-hour workday. (T. 418.) Dr. Soogree opined that Plaintiff required a cane to ambulate; could occasionally climb stairs and ramps; and could never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl during an eight-hour workday. (T. 419, 421.) Dr. Soogree opined that Plaintiff had additional environmental limitations, manipulative limitations, and limitations operating foot controls. (T. 420-23.)

Plaintiff argues that the ALJ failed to analyze and weigh the opinion of Dr. Soogree. (Dkt. No. 15, at 10-11 [Pl.'s Mem. of Law].)  This argument is without merit because Dr. Soogree's opinion is dated March 12, 2011, and therefore was not included in the record evidence when the ALJ's rendered his decision on January 20, 2011.  (T. 49.)

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only when it relates to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970(b), 404.976(b)(1); HALLEX I–3-3-6, 1993 WL 643129 (Dec. 27, 2012); *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996).  Here, Dr. Soogree's opinion was dated March 12, 2012, nearly two months after the ALJ's decision on January 20, 2011, and stated that it was an opinion of Plaintiff's current limitations only.  (T. 423.)  Further, Dr. Soogree's opinion stated that it was "unknown" when Plaintiff's limitations were first present.  (*Id.*)

Presuming, without deciding, that Dr. Soogree's opinion related to the relevant time period, remand would be warranted only if the ALJ's decision was contrary to the totality of the evidence currently in the record.  20 C.F.R. § 404.970(b); HALLEX I–3-3-6; *Paradise v. Comm'r*, 13-CV-0828, 2014 WL 4384230, at *2 (N.D.N.Y. Sept. 3, 2014).  If additional evidence relates to the relevant period, the Appeals Council shall evaluate the entire record, including the new and material evidence submitted, if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record.  20 C.F.R. § 404.970(b); HALLEX I–3-3-6; *Paradise*, 2014 WL 4384230 at *2.  The weight of the evidence means that it is "more likely than not" that the totality of the evidence, including the additional evidence, would change the ALJ's actions, findings, or conclusion.  HALLEX I-3-9-4, 2013 WL 643197 (Mar. 8, 2013).

However, even if the Appeals Council denies review after considering new evidence, the Commissioner's final decision "necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) (internal quotation marks and citation omitted). Accordingly, the additional evidence becomes part of the administrative record reviewed by the district court. *Id.*

Under the "treating physician's rule," controlling weight is given to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012). When controlling weight is not given to the opinion of a treating physician, the ALJ should consider the following factors to determine the proper weight: (1) the frequency of the examinations and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; and (4) whether the opinion is from a specialist. 20 C.F.R. § 404.1527(c); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

Here, the Appeals Council determined that Dr. Soogree's opinion did not provide a basis for changing the ALJ's decision. (T. 1-5.) To be sure, the extreme limitations opined by Dr. Soogree are inconsistent with substantial evidence of record, including Dr. Soogree's own treatment notes. On October 23, 2010, Dr. Soogree observed that Plaintiff was "doing well" after the surgery to his left ankle on October 13, 2010. (T. 315.) Although Dr. Soogree noted that Plaintiff reported pain and difficulty walking prior to his left ankle surgery, several of Dr. Soogree's treatment notes observed that Plaintiff was "doing well" even before the surgery. (T.

314-24.)  Further, Dr. Soogree's opinion is inconsistent with other substantial evidence of record, including Dr. Sirotenko's opinion and examination notes, as well as examination notes from Dr. Lemley and Dr. Harris discussed above in Part III.A.i. of this Decision and Order. Given these inconsistencies, the Court agrees with the Commissioner that Dr. Soogree's opinion was not entitled to controlling weight and, therefore, did not provide a basis for changing the ALJ's decision.  *See Miller v. Astrue*, 11-CV-0631, 2012 WL 3061949, at *9 (N.D.N.Y. July 26, 2012) (finding that the Appeals Council properly determined that a treating physician's opinion did not provide a basis for changing the ALJ's decision when the treating physician's opinion was undeserving of controlling weight).

Accordingly, the ALJ did not fail to weigh Dr. Soogree's opinion, as it was not yet rendered at the time of the ALJ's decision.  Further, the Appeals Council properly determined that Dr. Soogree's opinion did not provide a basis for changing the ALJ's decision.  For these reasons, remand is not required on this issue.

**B.      Whether the ALJ Erred in Considering Plaintiff's Receipt of Unemployment Benefits as an Adverse Factor in the Credibility Analysis**

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 16, at 14-15 [Def.'s Mem. of Law].)  To those reasons, the Court adds the following analysis.

A plaintiff's allegation of pain is "entitled to great weight where . . . it is supported by objective medical evidence."  *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 [2d Cir. 1992]).  However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence

in the record." *Montaldo v. Astrue*, 10-CV-6163, 2012 WL 893186, at *17 (S.D.N.Y. Mar. 15 2012). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*, at 271.

> Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.

*Id.* Further, "[i]t is the role of the Commissioner, not the reviewing court, 'to resolve evidentiary conflicts and to appraise the credibility of witnesses,' including with respect to the severity of a claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (quoting *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 [2d Cir. 1983]).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that his statements regarding the intensity, persistence and limiting effects of his symptoms are not credible to the extent alleged. (T. 41.) The ALJ cited evidence that was inconsistent with Plaintiff's allegations of disabling

symptoms, including his reported reasons that he stopped working and his certification that he was ready, willing, and able to work in order to collect unemployment benefits during the period of alleged disability.  (T. 47.)

First, the ALJ noted that Plaintiff alleged disability as of his last day of work, yet reported that he stopped working for reasons "not entirely related to the allegedly disabling impairments."  (*Id.*)  For example, the ALJ noted that Dr. Harris indicated that Plaintiff was laid off.  (*Id.*)  The ALJ further noted that Plaintiff reported that he stopped working "because of his condition and other reasons," including that there was no work for him locally.  (*Id.*)

Second, the ALJ noted that Plaintiff testified that he had been receiving unemployment benefits since his last day of work in December 2008.  (T. 18.)  The ALJ noted that, "according to the New York State Department of Labor, unemployment insurance is for individuals who 'are ready, willing and able to work and are actively seeking work.'"  (T. 47.)  Accordingly, the ALJ determined that, by receiving employment, Plaintiff was "constructively agreeing that he is able to work."  (*Id.*)

An ALJ may consider a plaintiff's work history in assessing a plaintiff's credibility.  20 C.F.R. § 404.1529; SSR 96-7p, 1996 WL 374186, at *5 (July 2, 2006).  Additionally, an ALJ may consider evidence that a plaintiff received unemployment benefits and certified that he was ready, willing, and able to work during the time period for which he claims disability benefits as adverse factors in the ALJ's credibility determination.  *See House v. Comm'r,* 09-CV-0913, 2012 WL 1029657, at *12 (N.D.N.Y. Feb. 29, 2012) (listing the plaintiff's receipt of unemployment benefits and certification that he was ready, willing, and able to work during the period of alleged disability as support for the ALJ's adverse credibility determination); *Frawley v. Colvin,* 13-CV-1567, 2014 WL 6810661, at *11 (N.D.N.Y. Dec. 2, 2014) (finding that a plaintiff's

receipt of unemployment benefits during the period of alleged disability was "extremely relevant to determining credibility," noting that it required the plaintiff to affirm that she was ready, willing, and able to work).

For these reasons, the ALJ did not err in considering Plaintiff's receipt of unemployment benefits during the period of alleged disability as an adverse factor in the credibility analysis. Therefore, remand is not necessary on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **<u>AFFIRMED</u>**; and it is further is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: March 14, 2016
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge